LEWIS E. WALKER ET AL., APPELLANTS, V. ANDERS ANDERSON, APPELLEE.

FILED OCTOBER 21, 1911. No. 16,532.

1. **Waters: IRRIGATION DITCHES: RIGHT TO CONSTRUCT.** In a suit to enjoin proceedings instituted by one landowner to construct a ditch for irrigation purposes across the lands of an adjoining owner, which are already traversed by another ditch, the question is not whether the first ditch is then in a sufficient state of repair or in a condition to answer the purpose for which the second ditch is desired or intended; the question is: Can the first ditch be made to answer such purpose? If so, no right exists to construct the second ditch.

2. ———: ———: ———. Nor, in such a case, can any such right be given by the state board of irrigation, or be acquired in any other manner than that pointed out in section 3, art. I, ch. 93a, Comp. St. 1909, viz., by the written consent and agreement of the owner of the land.

3. ———: ———: INJUNCTION: BURDEN OF PROOF. Where A institutes proceedings to condemn the lands of B for the purpose of constructing an irrigation ditch over lands of B, which are already traversed by a prior ditch which has been extended to the line of A's land, injunction is the proper remedy for B; and in such a suit the burden is upon A to show that the first ditch cannot be made to answer the purpose for which the second ditch is desired or intended.

APPEAL from the district court for Dundy county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*C. E. Eldred,* for appellants.

*Perry, Lambe & Butler* and *R. D. Druliner, contra.*

FAWCETT, J.

Plaintiffs and defendant are the owners of adjoining lands in Dundy county, lying south of the Republican river. Defendant's lands are located in range 36, and the bulk of plaintiffs' lands in range 37, immediately west. About the year 1891 an irrigation ditch, known as the "Delaware-Hickman ditch," was constructed across plaintiffs' lands. About 1894 defendant constructed a ditch, commencing about 20 rods west of the N. E. corner of section 1, on the lands of plaintiffs, and extending in an easterly direction across the lands of plaintiffs to and over the land of defendant. On May 15, 1908, defendant instituted proceedings before the county judge to condemn a right of way across plaintiffs' lands, about three-quarters of a mile in length and 20 feet in width, and, in addition thereto, a tract of land 50 feet square, at the head and western extremity of said proposed right of way, for the purpose of constructing a head-gate. The point where it is proposed to relocate the head-gate is on the south bank of the Republican river, the purpose being to divert water from that stream. This suit was brought to enjoin the prosecution of such condemnation proceedings. A temporary injunction was issued by the county judge, which, at the hearing in district court, was vacated, and the suit of plaintiffs dismissed. From this judgment, plaintiffs appeal.

Plaintiffs contend that section 3, art. I, ch. 93a, Comp. St. 1909, entitles them to the injunction prayed for. That section reads: "No tract of land shall be crossed by more than one ditch, canal, or lateral, without the written consent and agreement of the owner thereof, if the first ditch, canal, or lateral can be made to answer the purpose for which the second is desired or intended."

There is no controversy over the fact that the construction of the ditch for which condemnation is sought by defendant will cross plaintiffs' lands some distance north of and nearly parallel with the Hickman ditch, so that

the lands of plaintiffs will be burdened with two ditches. It is admitted by the defendant that he has no intention of changing the existing ditch upon his own land; the only change intended being upon the lands of plaintiffs. The only question, therefore, upon this branch of the case is whether the first, or Hickman, ditch can be made to answer the purpose for which the second is desired or intended. If it can be made to answer such purpose, the plaintiffs are entitled to an injunction as prayed.

There is very little conflict in the evidence, a careful examination of which shows the following facts: All of the land of defendant is under the Hickman ditch, which is extended to defendant's land. There is no claim that the ditch is not of sufficient dimensions to carry water sufficient to irrigate all of defendant's land, nor is it shown that the Hickman ditch could not be made to answer the purpose for which his proposed ditch is desired or intended, as contemplated by the section of statute above quoted. The most that can be said for the testimony offered by defendant is that it shows that for several years there was not a sufficient quantity of water running through the Hickman ditch to irrigate his land. But his own witness, Roberts, shows that as soon as he desired more water than he had been receiving through the ditch he was able to obtain it without any serious difficulty, and after he had done the work upon it, about which he testified, he says it had plenty of water in it. Defendant seeks to escape the force of Mr. Roberts' testimony by showing that the change he had made in the ditch was since the commencement of this suit, but that is immaterial. If Mr. Roberts could make the ditch answer the purpose for which it was constructed, defendant or anyone else could have done so. When a person undertakes to construct a second ditch across another's land, the question is not whether the first ditch is then in a sufficient state of repair or in a condition to answer the purpose for which the second ditch is desired or intended; the question is: Can the first ditch be made to answer

such purpose. If so, no right exists to construct the second ditch; nor can any such right be given by the state board of irrigation, or acquired by condemnation proceedings. The statute points out the only way by which such right can be obtained, viz., the written consent and agreement of the owner of the land. No such written consent was obtained in this case. The statute is a prohibition against running a second irrigation ditch across another's land, with a proviso; and he who seeks to avoid the prohibition has the burden of proving that he is within the terms of the proviso. This the defendant has failed to do. On the contrary, we are satisfied from the evidence that the Hickman ditch not only can be made, but is probably at this time, sufficient to answer the purpose for which defendant's proposed ditch "is desired or intended." Such being the case, the district court erred in vacating the injunction and dismissing plaintiffs' suit. This conclusion renders it unnecessary to consider the other questions argued in the briefs and at the bar.

The judgment is therefore reversed and the cause remanded, with directions to the district court to enter a decree granting a perpetual injunction as prayed in plaintiffs' petition.

REVERSED.

ROOT, J., dissents.